Opinion by WALKER, J. It was stipulated that the lumber in question is similar in all material respects to that the subject of *Seaboard Lumber Sales Co.* v. *United States* (5 Cust. Ct. 161, C. D. 391). In accordance therewith it was held that the tax imposed should have been assessed on the basis of the condition in which imported, and that no addition should have been made for the planing, tonguing, and grooving. Protests sustained to this extent.

**No. 47372.**—Protests 42097–K, etc., of M. V. Jenkins (Seattle).

Opinion by WALKER, J. It was stipulated that the lumber in question is similar in all material respects to that the subject of *Seaboard Lumber Sales Co.* v. *United States* (5 Cust. Ct. 161, C. D. 391). In accordance therewith it was held that the tax imposed should have been assessed on the basis of the condition in which imported, and that no addition should have been made for the planing, tonguing, and grooving. Protests sustained to this extent.

**No. 47373.**—Protest 45982–K of Blanchard Lumber Co. (Boston).

Opinion by WALKER, J. It was stipulated that the lumber in question is similar in all material respects to that the subject of *Seaboard Lumber Sales Co.* v. *United States* (5 Cust. Ct. 161, C. D. 391). In accordance therewith it was held that the tax imposed should have been assessed on the basis of the condition in which imported, and that no addition should have been made for the planing tonguing, and grooving. Protest sustained to this extent.

**No. 47374.**—Protests 46347–K, etc., of Border Brokerage Co., Inc. (Seattle).

Opinion by WALKER, J. It was stipulated that the lumber in question is similar in all material respects to that the subject of *Seaboard Lumber Sales Co.* v. *United States* (5 Cust. Ct. 161, C. D. 391). In accordance therewith it was held that the tax imposed should have been assessed on the basis of the condition in which imported, and that no addition should have been made for the planing, tonguing, and grooving. Protests sustained to this extent.

**No. 47375.**—Protests 47222–K, etc., of Norman G. Jensen (Pembina).

Opinion by WALKER, J. It was stipulated that the lumber in question is similar in all material respects to that the subject of *Seaboard Lumber Sales Co.* v. *United States* (5 Cust. Ct. 161, C. D. 391). In accordance therewith it was held that the tax imposed should have been assessed on the basis of the condition in which imported, and that no addition should have been made for the planing, tonguing, and grooving. Protests sustained to this extent.

**No. 47376.**—Protest 58897–K of E. Dillingham (Ogdensburg).

Opinion by WALKER, J. It was stipulated that the lumber in question is similar in all material respects to that the subject of *Seaboard Lumber Sales Co.* v. *United States* (5 Cust. Ct. 161, C. D. 391). In accordance therewith it was held that the tax imposed should have been assessed on the basis of the condition in which imported, and that no addition should have been made for the planing, tonguing, and grooving. Protest sustained to this extent.

**No. 47377.**—Protests 976463–G, etc., of C. J. Tower & Sons (Buffalo).

Opinion by WALKER, J. It was stipulated that the lumber in question is similar in all material respects to that the subject of *Seaboard Lumber Sales Co.* v. *United States* (5 Cust. Ct. 161, C. D. 391). In accordance therewith it was held that the tax imposed should have been assessed on the basis of the condition in which imported, and that no addition should have been made for the planing, tonguing, and grooving. Protests sustained to this extent.

**No. 47378.**—Protests 976599–G, etc., of Central Vermont Railway, Inc. (St. Albans).

Opinion by WALKER, J. It was stipulated that the lumber in question is similar in all material respects to that the subject of *Seaboard Lumber Sales Co.* v. *United States* (5 Cust. Ct. 161, C. D. 391). In accordance therewith it was held that the tax imposed should have been assessed on the basis of the condition in which imported, and that no addition should have been made for the planing, tonguing, and grooving. Protests sustained to this extent.

**No. 47379.**—Protests 977607–G, etc., of F. W. Myers & Co., Inc. (Detroit).

Opinion by WALKER, J. It was stipulated that the lumber in question is similar in all material respects to that the subject of *Seaboard Lumber Sales Co.* v. *United States* (5 Cust. Ct. 161, C. D. 391). In accordance therewith it was held that the tax imposed should have been assessed on the basis of the condition in which imported, and that no addition should have been made for the planing, tonguing, and grooving. Protests sustained to this extent.

**No. 47380.**—Protests 987131–G, etc., of M. V. Jenkins (Seattle).

Opinion by WALKER, J. It was stipulated that the lumber in question is similar in all material respects to that the subject of *Seaboard Lumber Sales Co.* v. *United States* (5 Cust. Ct. 161, C. D. 391). In accordance therewith it was held that the tax imposed should have been assessed on the basis of the condition in which imported, and that no addition should have been made for the planing, tonguing, and grooving. Protests sustained to this extent.